**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Patrick A. O'Dougherty,

Plaintiff,

Civil No. 00-1701 RHK/SRN

v.

**MEMORANDUM OPINION AND ORDER**

United States Department of Commerce,
Bureau of Census,

Defendant.

---

Patrick A. O'Dougherty, pro se, Minneapolis, Minnesota, for Plaintiff.

Mary Jo Madigan, Assistant United States Attorney, Minneapolis, Minnesota, for Defendant.

---

## Introduction

Plaintiff Patrick A. O'Dougherty brought this suit in the Hennepin County District Court on May 26, 2000. Defendant United States Department of Commerce removed the case to this Court pursuant to 28 U.S.C. § 1441. Currently before the Court is the Defendant's Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the following reasons, the Court will grant Defendant's motion.

FILED MAY 24 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD MAY 24 2001
DEPUTY CLERK

## Background

Plaintiff's Complaint consists, in its entirety, of the following statement:

> DEFENDANT ON OR ABOUT April through August executed and delivered wages and labor to the BUREAU OF THE CENSUS. WAGES AND LABOR WERE DEFRAUDED IN CONSPIRACY AGAINST THE PLANTIFF [sic]. CRITICAL FACTORS IN THE FRAUD ARE DISCRIMINATION AGAINST A SINGLE ELDERLY RELIGIOUS AND DISCRIMINATION AGAINST A PERSON BASED ON AGE AND MERIT. THE DEFENDANT IS AN ELECTED MEMBER TO REPRESENT THE GREEN PARTY IN DENVER, COLORADO. POLITICAL HARRASSAMENT [sic] AND TARGETING AND ELECTION TAMPERING ARE ALSO FACTORS IN THE NONPAYMENT OF WAGES. INVALID CENSUS ENUMERATION IS A REASON. INTERNAL GOVERNMENT CORRUPTION IS ANOTHER REASON.

(Doc. No. 1 (Compl.).) Together with its Motion to Dismiss, Defendant filed a Memorandum in Support of its Motion to Dismiss which provided a more detailed version of the relationship between Plaintiff and Defendant. Plaintiff did not file an opposition to Defendant's motion, nor did he appear at the hearing on May 24, 2001.[1]

Plaintiff was employed by the Bureau of Census as an Enumerator from April 24, 2000, to June 17, 2000. (Def.'s Supp. Mem. at 4.) Plaintiff's position at the Bureau was a temporary service appointment to work on the Non-Response Follow-up phase of the 2000 Decennial Census. (Id.) No further information regarding Plaintiff's term with the Bureau was provided to the Court.

---

[1] Defendant's counsel informed the Court at the hearing that she was in contact with Plaintiff and that Plaintiff was aware of the date and time of the hearing. Counsel also filed a certificate of service by mail with the Court.

## Analysis

### I. Standard of Decision

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take as true the allegations contained in the complaint. See Cooper v. Pate, 378 U.S. 546 (1964) (per curiam). Viewing the complaint in this manner, the court may dismiss a case under Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### II. Merits

Plaintiff's Complaint contains allegations of fraud, conspiracy, discrimination based on marital status, age, religion, and "merit," political harassment, election tampering, and government corruption. (Doc. No. 1 (Compl.).)

The general rule is that pro se pleadings are held to a less stringent standard than are other pleadings and the pro se pleading should not be dismissed unless it is beyond doubt that the claims are without merit. See Miner v. Brackney, 719 F.2d 954, 955 (8th Cir. 1983) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (further citations omitted)). Notwithstanding this relaxed standard, the Court finds that the allegations contained in Plaintiff's Complaint are so inadequate that under no circumstances can they be classified as facts that would entitle Plaintiff to relief. Accordingly, the Court will

grant the Defendant's motion and dismiss the Complaint.

**Conclusion**

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. No. 31) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: May 24, 2001

RICHARD H. KYLE
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: MAY 24 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995